## *Ex parte* motion by R. S. Rust *et al.*

Rust *et al.*, filed their motion in the Court below to be excused as jurors, on the ground that they were members of a fire company, organized in 1868, and exempted by the Legislature from jury duty. In the opinion of the Court, taking into consideration the Constitution of 1868, Article V., sec. 5208 of the Code, and the Legislative enactment October, 1869, providing for the organization of juries, together all previous exemptions of parties from liabilities to jury duty on account of age, profession, or connection with fire or other companies, were repealed, and under the present laws of this State, all persons otherwise qualified over the age of twenty-one years, irrespective of such exemptions, either by special grant or general law, and who are, in the opinion of the board of commissioners, under the Act of 1869, upright and intelligent, are liable to jury duty within the terms of that Act; and the right to excuse jurors from the performance of such duty is vested in the wise discretion of the Judge in whose Courts such persons may be drawn or summoned to appear, upon legal grounds, applicable to each case.

Repealing Statutes.    Jury.    Before Judge STROZIER. Dougherty Superior Court.    December, 1870.

Under the Act of the 10th of October, 1868, certain members of certain fire companies are exempted from jury duty. The commissioners, in selecting persons for jury duty in Baker county, put the names of sixty members of one of these companies in one envelope in the jury box, but not on the jury list. Some of them, being put upon the traverse jury, claimed exemption under said Act. The Court refused to discharge them, holding that the general jury Act of 1869 repealed this special exemption. This is complained of here.

G. J. WRIGHT, for movants.

No appearance *contra*.

LOCHRANE, Chief Justice.

The question presented by this record is one of great practical importance, and has invoked at our hands the consideration to which it is entitled. The question presented is the exemption of parties from jury duty, by virtue of their con-

nection with a fire company, in the city of Albany. The Court below held that they were liable; from which ruling the case now comes before the Court. It is admitted that under the Act of organization, the members are active working members of the Throneteeska Fire Company, of the city of Albany, and otherwise, within the terms of the statute passed in 1868, page 168. And the naked question presented to this Court for it decision is, whether such exemption, granted by the Legislature, is revoked or repealed by the Act of 1869, relating to juries.

The Constitution of this State (13th section, Article V. of the Constitution, section 5208, Code,) declares the General Assembly shall provide by law for the selection of upright and intelligent persons to serve as jurors, etc. The Act of 1869, referred to, was an Act to carry into effect this clause of the Constitution. It will not be necessary to recite the Act, farther than to state that it contains no exceptions and recognizes no exemptions under previous legislative enactment, but prescribes the mode and regulates the manner by which the jury boxes are to be revised, and constitutes a board whose duty it shall be to select from the book of the receiver of tax returns, upright and intelligent persons to serve as jurors. Under the provisions of this Act, all the exemptions previously granted, either specially by Acts organizing fire companies, or general exemptions under the jury system, are repealed and revoked; and the duty of the board of commissioners is to select upright and intelligent persons, irrespective of such exemptions. Taking the Constitution and the Act of 1869 together, we are satisfied it was intended to make every man over the age of twenty-one years, who was upright and intelligent, without regard to age or previous exemption on account of office or legislative license, and who was otherwise qualified, a legal and competent juror, whose duty it was, when drawn or summoned, to discharge the duties of juror, in the county in which he resided, within the terms of the Act. In the inauguration of

this system, the Legislature has wisely provided for the selection of the upright and intelligent citizens to discharge the high duties devolved by law upon the citizens of this State, and left to the presiding Judges, in their wise discretion, the power of exempting from such duty parties on account of their age or bodily infirmity, or such as those who, from their professional engagements or ministerial duties, they might deem it proper to exempt.

The right of the Legislature to revoke, at any time, the exemption granted to firemen or others from jury duty, was not in the nature of a contract incapable of revocation by subsequent Legislatures during the term of its existence, but was a legislative privilege which it was competent for any subsequent Legislature to repeal and annul. And this principle is recognized by this Court in the case of *Bloom*, 20th Georgia; and inasmuch as the Constitution of 1868 and the Act of 1869 constitute such repeal and render such parties liable to jury duty as the Legislature may provide, in pursuance of the Constitution, we think the Court below was right and affirm his judgment in the premises.

Judgment affirmed.